IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W8, § § § § § § | |
| Plaintiff, § | Civil Action No. 3:20-cv-00407-L |
| v. § § | |
| AARON LAMAR WHITLOW, EBONY DION LUSK, AND LATEEF LUSK, § § § | Referred to U.S. Magistrate Judge |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By order of reference, filed February 8, 2021 (doc. 16), before Court for recommendation is *Plaintiff's Motion for Attorney's Fees*, filed February 4, 2021 (doc. 15). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

This case arises out of a loan agreement secured by real property located in Desoto, Texas (the Property). (*See* doc. 1.) On September 30, 2003, Donald Wayne Whitlow and Marva Whitlow (collectively Borrowers) executed an Adjustable Rate Note (Note) payable to Argent Mortgage Company, LLC (Mortgage Company) in the original principal amount of $135,802.00, with a minimum adjustable interest rate of 7.850% per annum, as well as a Deed of Trust (Security Instrument), granting Mortgage Company a security interest in the Property. (*See id*. at 3.) [1]

Under the Note, Borrowers would be in default if they failed to timely pay the full amount

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of each required monthly payment. (doc. 1-1 at 3.) If in default, their payment of the loan could be accelerated, requiring them to pay the full amount of principal which had not been paid, as well as all the interest owed on the amount. (*Id*.) Borrowers could also be required to pay all costs and expenses in enforcing the terms of the Note including, reasonable attorneys' fees. (*Id*.) The Note and Security Instrument (collectively Loan Agreement) were later transferred from Mortgage Company to Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W8 (Plaintiff), on February 28, 2007. (*Id*. at 4.)

Marva Whitlow passed away in May 2019, and Donald Wayne Whitlow passed away two months later, but no probate was opened for them. (*Id*. at 5.) Under the Texas Estates Code, their heirs, Aaron Lamar Whitlow, Ebony Dion Lusk, and Lateef Lusk (collectively Defendants), acquired all of Borrowers' interest in the Property, subject to the Loan Agreement. (*See id*. at 2, 5.) Because the Loan Agreement had been in default since October 1, 2016, a Notice of Intention to Foreclose was issued on August 16, 2019. (*Id*.) The default was not cured, and Plaintiff subsequently issued a Notice of Acceleration of Loan Maturity under the terms of the Loan Agreement. (*See id*.)

On February 19, 2020, Plaintiff filed suit seeking judicial foreclosure, writ of possession, and declaratory relief. (*See id*. at 6-9.) Defendants were served with a copy of the complaint but failed to answer or otherwise appear. (*See* doc. 9 at 2.) On May 26, 2020, Plaintiff sought and obtained an entry of default against Defendants. (*See* docs. 9, 11-12.) It subsequently moved for default judgment, which was granted "as it pertain[ed] to Plaintiff's action for judicial foreclosure[,]" and denied in part. (*See* docs. 10, 13-14.)

## II. ATTORNEY'S FEES

Plaintiff now moves for an award of its "reasonable and necessary attorneys' fees and

costs" incurred in filing and prosecuting its claims to enforce its interest in the Property, seeking a "total amount of $6,038.00 to be recovered from Defendants, not as a personal debt, but as a further obligation secured by the Note and Security Instrument made basis of this suit." (*See* doc. 15.)

Texas law applies to the award of attorneys' fees in diversity cases like this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered under mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law, court determined that motions for attorneys' fees provided by mortgage contracts are permissible); *see also Payne v. Wells Fargo Bank, N.A.*, 3:12–CV–5219–M–BF, 2015 WL 1402321, at *6 (N.D. Tex. Mar. 26, 2015) (citing *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992)) (awarding attorneys' fees pursuant to deed of trust).[2]

Here, the Note expressly permits the recovery of "all costs and expenses in enforcing this Note" including the collection of reasonable attorneys' fees. (doc. 1-1 at 3.) Because it is permitted in the relevant loan documents, Plaintiff is entitled to its reasonable attorneys' fees for pursuing its foreclosure claim under the Note. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No.

---

2 Plaintiff also seeks attorneys' fees under § 38.001(8) of the Texas Civil Practices & Remedies Code, which allows the recovery of reasonable attorneys' fees from an individual or corporation "if the claim is for ... an oral or written contract." Under Texas law, "[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38." *Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). When, as here, the contract at issue (i.e., the Note and Security Instrument) provides for the recovery of attorneys' fees, "the terms of the contract, not statute, control the outcome of this issue." *Mohican Oil & Gas, LLC v. Scorpion Expl. & Prod., Inc.*, 337 S.W.3d 310, 321 (Tex. App.—Corpus Christi 2011, pet. denied) (citations omitted); *accord Intercontinental Group P'ship*, 295 S.W.3d at 653 (determining attorneys' fees according to mandatory fee-award contract and looking to § 38.001 only as instructive but not controlling); *see Garcia v. Wells Fargo Bank, N.A.*, No. 3:12-CV-645-P, 2012 WL 12873202, at *6 (N.D. Tex. Oct. 26, 2012) (citing *id.*) ("Contractual agreements providing for the recovery of attorney's fees supersede the statutory provisions for the recovery of fees found in Texas Civil Practice & Remedies Code chapter 38.").   Because the Note and Security Instrument "provide recovery for attorney's fees and costs, the court need not address whether [Plaintiff] is entitled to such fees and costs pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code." *Branch Banking & Tr. Co. v. Mansfield Barbecue, LLC*, No. 3:19-CV-158-L, 2019 WL 5684430, at *3 (N.D. Tex. Oct. 31, 2019).

3:14-CV-2589-M-BN, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016) (concluding that the mortgage creditor was entitled to recover its reasonable attorneys' fees when provided under the Note and Deed of Trust).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Id.* (citation omitted) (applying lodestar method to calculate reasonable attorneys' fees under a mortgage contract). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. [3] *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). A court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

---

3 "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (citation omitted).

Here, Plaintiff submits a declaration from its attorney (Attorney) explaining the total amount of time rendered in connection with this suit, and the total amount due for attorneys' fees. (doc. 15-1.) It also submits his resume, which states that he has "[w]ell-established knowledge of Real Estate Law and 3 years of experience in litigation and legal drafting." (*Id.* at 6.) His declaration states that the legal work performed on this case included, but was not limited to:

> review and analysis of the loan documents at issue; review and analysis of the history of this matter; preparation and filing of the original complaint; completing service; drafting a request for entry of default; drafting a motion for default judgment; conducting legal research; and multiple conferences with Plaintiff's mortgage servicer regarding all of these items and this matter generally.

(*Id.*) It states that the hourly rate charged for the legal professionals working on Plaintiff's case was $215.00 per hour for attorneys, $95.00 per hour for paralegals and legal assistants, and based upon his knowledge and experience, that these hourly rates are reasonable and consistent with rates charged in Texas. (*See id.* at 4.) Finally, Plaintiff also submitted its attorneys' time sheets and billing invoices to establish that Attorney worked 18.5 hours, a senior attorney worked 1.4 hours, and two paralegals worked a combined 10.8 hours. (*See* 15-1 at 11-26.) The time was spent researching and drafting Plaintiff's complaint, a request for entry of default, a motion for default judgment, and its motion for attorney's fees. (*Id.*) The invoices also show that the costs total $733.50, including the filing and process server costs. (*Id.* at 13, 16, 26.)

When considering a motion for an award of attorney's fees, the twelve *Johnson* factors must also be considered to determine whether the lodestar fee should be adjusted upward or downward. There is no requirement to specifically "recite or even mention the *Johnson* factors, so long as 'the record clearly indicates that [it] has utilized the *Johnson* framework as the basis for its analysis.'" *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir.

2016) (quoting *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642 (5th Cir. 2012)). Considering the *Johnson* factors, no adjustment to the lodestar figure is necessary. The issues involved were neither novel nor difficult. The litigation did not require any unique skill or expertise on the part of the attorneys; nor did it require more than the usual investment of time or labor. The attorney charged a customary fee, and the default posture of this case indicates that it involved less than the usual time because no trial was required. Because this is not an exceptional case, this lodestar amount is presumed to be reasonable and will not be modified. *See Watkins*, 7 F.3d at 457 (explaining that the lodestar should be modified only in exceptional cases); *TFHSP, LLC Series 10147,* 2016 WL 2856006, at *4 (explaining that that the lodestar is presumed to be reasonable and should only be modified in exceptional cases); *see also Vanliner Ins. Co. v. DerMargosian*, No. 3:12–CV–5074–D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that a court is an expert on the reasonableness of attorneys' fees).

Plaintiff is entitled to $5,304.50 in reasonable attorneys' fees, as allowed under the Note, as well as the $ 733.50 in associated costs. *See Wilmington Tr., Nat'l Ass'n as Tr. for MFRA Tr. 2015-2 v. Martinez*, No. 5:20-CV-254-H-BQ, 2021 WL 2324174, at *6 (N.D. Tex. Apr. 14, 2021), *report and recommendation adopted sub nom. Wilmington Tr., Nat'l Ass'n v. Martinez*, No. 5:20-CV-254-H-BQ, 2021 WL 2322638 (N.D. Tex. June 7, 2021) (granting the plaintiff's requested award of $2,483.00 in attorney's fees and $957.69 in court costs following the default judgment against defendant in a foreclosure action); M*illigan v. CitiMortgage, Inc.*, No. 6:14-CV-00594, 2015 WL 11181560, at *2 (E.D. Tex. June 3, 2015) (finding that $11,990.80 was a "reasonable and necessary [amount of] attorney fees incurred by [the defendant] in connection with its

counterclaim to foreclose").[4]

## III. RECOMMENDATION

Plaintiff's motion for attorney's fees should be **GRANTED**, and it should be awarded $5,304.50 in attorneys' fees and $733.50 in costs.

**SO RECOMMENDED** on this 2nd day of August, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] As noted, Plaintiff's motion for attorney's fees "requests that the Court award it its attorneys' fees and costs . . . to be recovered from Defendants, not as a personal debt, but as a further obligation secured by the Note and Security Instrument made basis of this suit." (doc. 15 at 2.) Plaintiff's motion for default judgment was previously denied "to [the] extent it seeks a declaration that prejudgment interest, postjudgment interest, attorney's fees, or costs of court *are secured by the Security Instrument*," however. (*See* doc. 13 at 6 n.2 (emphasis original).)